Brian Waterman #126456
_____
Name

P.O. Box 1568
_____

Hutchinson KS 67504
_____
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Brian Waterman, Plaintiff
(Full Name)

V.

Major Bell, Defendant(s)
Hutchinson Correctional Facility

CASE NO. _____
(To be supplied by the Clerk)
25-3080-JWL

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Brian Waterman, is a citizen of Kansas
   (Plaintiff)                              (State)

   who presently resides at Hutchinson Correctional facility
                            (Mailing address or place
                            of confinement.)

2) Defendant Don Schnurr is a citizen of
              (Name of first defendant)

   Hutchinson, KS, and is employed as
   (City, State)

   Warden. At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

   Individual an official capacity
   _____

3) Defendant __Moore__ is a citizen of
(Name of second defendant)
__Hutchinson KS__, and is employed as
(City, state)
__Unit Manager__. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

__Individual and Official__

(Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

__28 U.S.C 1988    28 U.C.C. 1915(g)__

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

unconstitutional conditions of confinement such as no cleaning program followed, lack of clean cloths issued, extreme cold weather, no adequate Temper Control, ventilation system that causes no asthma attacks, cells furnished with moldy torn up mattresses causing me headaches, an vomiting no adequate law Library, unconstitutional cells with no day room allowed, and unconstitutional policy of administrative procedures used to punish inmates.

# Defendant List

3 Defendant: Koob, Hutchinson, KS, Unit Team, Unit Team. Yes acting under color of state law. Official an Individual capacity.

4. Defendant: Fox, Hutchinson, KS, unit Team. Yes acting under color of state law. Official an Individual capacity.

5. Dan Schnurr, Hutchinson, KS. Warden, Yes acting under color of state law. Official and Individual capacity.

~~6. Defendant: Fox, Hutchinson, KS, unit~~

~~6. Major~~

6. Defendant: Bell, Hutchinson KS, major, Yes acting under color of law. Individual an official capacity.

7. Defendant: Parker, Hutchinson, KS. UT manager. Yes acting under color of law. Individual and official capacity

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: 8th amendment violation cruel and unusal punishment imposes duties on officials to provide prisoner's with basic necessities of life such as food

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

Warden Dan Schnuur was made aware on 12-03-24 that the exhaust fans in the chase behind my cell was blowing in cold air from the outside, with strong sewer and dead mice and urine smell. Then a paper form-9 later in December that the ventilation system was blowing in dust causing me chest

B) (1) Count II: Eighth Amendment violation cruel and unusal punishment, Ramos v. Lamm 639 F.2d 568 (10th Cir. 1980) Prison officials must provide inmates

(2) Supporting Facts: On 11-11-24 I filed a form 9 to unit Team fox in A3 over no cleaning supplies. No cleaning supplies were passed to me. I was moved to A2-137 on 12-07-24. That same day I filed an emergency

C) (I) Count III: <u>fourteenth Amendment violation due process</u>
<u>and discrimination, equal protection of the law which</u>
<u>forbids a state to deny any person within its</u>

(2) Supporting Facts: <u>I was transfered to Hutchinson Facility on 11-4-24.</u>
<u>I have now been here 88 days. Placed on Aministrative</u>
<u>Segregation restrictive housing. The same as an inmate who</u>
<u>commits Disciplinary Infractions. There is no time limit</u>

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

      Plaintiffs: <u>Waterman</u>

      Defendants: <u>Dr. Harrod</u>

   b) Name of court and docket number <u>23-LU-3192-DDC-RFs</u>

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) <u>Summary Judgment</u>

   d) Issues raised <u>medical abuse</u>

A(1) count 1: clothing, shelter, sanitation, medical care and personal safety." Farmer v. Brennan 511 U.S. 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 31, 113 (1993) Prison Conditions may amount to cruel and unusual punishment if they "unquestion and serious deprivation of basic life's necessities" Tillman v. Lebanon Cnty. Corr. Fac., 221 F.3d 410, 418 (3d Cir. 2000) Warmth and a adequate ventilation system are clearly basic life necessities, See Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir. 1991) Constitutional rights do not come and go with the weather." Prisoners have a right to protection from the cold. Cold alone may violate the eighth amendment 'severe discomfort" can be unconstitutional." Holding that allegations that the air was saturated with fumes of feces, urine and vomit supported eighth amendment claim." Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir. 1996)

In Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) the tenth Circuit and Supreme courts have stated 'Prison officials must provide detainee's with living space that has reasonable adequate ventilation, sanitation, bedding" cert. denied 450 U.S. 1041 (1981); Hutto v. Finney, 437 U.S. 678, 686-78 (1978); Ruark v. Solano, 928 (10th Cir. 1991); McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) Human warmth is a Identifiable human need a deprivation of such constitutes an eighth Amendment violation" Maguire v. Coughlin, 901 F.supp, 101, 105 (N.D. NY. 1990) Further allegations and arguments That Warden Schnurr, major Bell, um Moore, UT Koop, UT Fox's motivation keep the exhaust fan on blowing winter air below 40°F thru December 2024 and January-Febuary 2025 is maliciously done, to punish me and cause me severe health issues such as asthma attacks from the dust which is arbitary in nature and serves no penological goal or justification see Turner v. Safely, 482 U.S. 78 (1987) since the ventilation system caused multiple issues the claims are two fold. Runnig a Contration Camp.

(2) supporting facts: pains and numerous asthma attacks. I went self review in December along with numerous form-9s to Koop

—1—

and Moore and Fox in December of 2023 then a grievance to warden Schnurr. Now in January I mailed it off to Secretary of Corrections.

The ventilation system blowing in 20°F to 40°F in January when the snow storm hit it was minus 12 degrees in Hutchinson Kansas January 6th 2025. I only had one blanket. I was coughing, sneezing, my feet and hands hurt from the cold weather. I had no winter colthing. The heater is useless outside my cell if the ventilation system is blowing cold air and not sucking in the heat into my cell. The ventilation system was fixed January 27th 2025 then it started blowing cold air again on January 29th 2025 and still is, which blows in raw sewage, saturated urine smells all day long while I eat, causing me to gag, and headaches. Runtal also emailed UT Koop, UT Fox, UTM Moore, Major Bell over these issues in December and January. Major Bell was also notified thru form 9-seg review like the rest. Nothing has been done to fix the issues. Medical was seen and did nothing for me in December stating they would lose their jobs if they interfered. The ventilation system clogged with trash, mice feces which also blows in my cell combined with the dust that accumulated in the chase. I was blowing dust out of my nose. and coughing up dust or hacking up. Scared for my life having asthma attacks!

-2-

(B)(1) contin. with adequate ventilation, sanitation, bedding, hygienic materials" cert. denied 450 U.S. 1041 (1981) (conditions, such as a filthy cell, may "be tolerable for a few days and intolerable for weeks or months" Howard 877 F.2d at 137 (Quoting Hutto v. Finney 437 U.S. 678, 687 (1978) Ramos v. Lamm, 639 F.2d 559, 569-70 (10th Cir. 1980) Lack of routine maintenance and cleaning programs' and inadequate cleaning supplies for inmates to clean there own cells finding constitutional violations!

(B) Supporting Facts: Grievance to Warden Schnurr who ignored it. From 11-04-24 thru January 30th 2025 I have cleaned my cell four times. I get an inch of liquid chemicals, A broom twice. No mop. I have mucus on my walls, dried hard food, mace, Dark brown Human body stains around my bed and door way. I had to block around my toilet with cloths and toilet paper to stop sewage and water from leaking into my cell, as I had no way to clean it up. Along with the rodent infestation running all over my cell which can spread additional deceases Other segregation cells have mold on the walls. I was told cleaning supplies had stopped eight months prior to my arrival in November. The cleaning chemicals are still not passed out weekly. On December 6th 2024 I requested cleaning supplies at seg review informing major Bell, unit team Cox, unit Koob, unit Manager Parker that there is no cleaning chemicals passed out, none were giving. Then Unit Manager Moore took over in late December of 2024. I informed him of no cleaning supplies, being passed out weekly. They still arn't. Koob and Moore do rounds in A2 and are aware of the no cleaning policy. Per IMPP 20-101(A) E status residents shall be allowed to clean Their cells and windows with mop, toilet brush, cloth, and appropriate disinfectant every seven (7) days. V.B The warden or deputy warden, must make a weekly on-site spot check, interviewing at least two (2) residents, to determine compliance with institution and department policy, rules and regulations. which do not happen

-2-

(C) 1) Count III: Jurisdictional the equal protection of the laws "That all persons similarly situated should be treated alike" City of Cleburne TX v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985) Hutchinson Correctional Facility doesn't observe any statute, regulation for Corm Term administration like Eldorado. Amos v. Nelson 260 Kan. 652 (1996) That administrative segregation inmates shall be treated as nearly as possible like any other inmate in general population." "A liberty issue may arise from either the due process clause of the fourteenth amendment or state law." Chubb, 50 Kan. App. 2d. at 427. "And a liberty interest may arise from a regulation" Amos v. Nelson, 260 Kan. 652, 666, 923 P.2d 1014 (1996); Schuyler v. Roberts, 36 Kan. App. 2d. 388, 391, 139 P.3d 781 (2006) IMPP 20-104 IV. is unconstitutional and gives arise to the due process clause and liberty interests. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 LED. 2d. 418 (1995) Liberty Interests does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison Life." The Kansas Supreme courts adopted the courts articulation of the Sandin principle in Amos, 260 Kan. at 666. Keeping inmates in restrictive housing under short term segregation for months and years violates a fundamental right and places an imposes atypical and significant hardship on the inmate compared to ordinary prison life to Eldorado Admin seg. And lacks any rational penological interests or goals." "So long as DOC conforms to its regulations and those regulations are not in contravention of controlling law" Murphy v. Nelson, 260 Kan. 589, 95, 921 P.2d, 1225 (1996) A prison regulation does not violate a prisoner's substantial due process rights unless the prisoner proves that regulation lacks 'a rational relation to legitimate penological interests" Overton v. Bazzetta, 539 U.S. 126, 132 (2003) short term Disciplinary segregation is more invasive than administrative segregation. The courts must ask is a fundamental right implicated" Davis v. City & Cnty of Denver, 567 F.3d 1169, 1182 (10th Cir. 2009)

supporting facts: on how long I can be housed in restricted housing. I could be housed in restrictive housing for a number of years and treated as short term. with no amneties like a T.V. good commissary, educational services, mirror, like Eldorado has these services and houses inmates

-4-

under the same categories, bad behavior, DSR, protective custody, transfers. I am pending transfer with no time frame of segregation. HCF has no segregation administrative unit, and houses inmates for years or can in restrictive to punish. On 12-12-24 UT Roop stated in a grievance: Residents placed in HCF-RHU are housed under IMPP 20-101-A section III: No resident at HCF-RHU is housed under Long Term Administrative RHU. IMPP-20-101A states more than (15) days is considered Long-Term. Then IMPP 20-101A IV. Guidelines for use of Long-Term (1) Residents on Long-Term restricted housing status are to have the same privileges, standards, conditions of confinement for Short-Term (15) day restrictive housing. which is very restrictive of (3) showers a week, (3) razors no educational services, only hygiene commissary, no T.Vs. and so forth. Warden Schnurr, Major Bell, UT Roob, UT Fox, UTM Moore all observe this IMPP-20-101A and sign long term segregation under it for as long as they like. Which is what I am challenging in the federal courts.. As A1-A2-A3-B1-B2 are filled with long term now. with no Lay- pay at all, unlike Eldorado, To buy hygiene and phone time in solitary confinement.

-6-

(D) Count 4: First Amendment violation access to the courts. The Supreme court has recognized "that the right of prisoners to have access to the courts is a constitutional right. One element of that right is access to the law library. <u>Bagby v. Rayl</u> 237 Kan. 365, 366, 699. P.2d (1985)

Supporting facts: Warden Schnurr does not make rounds once a week to interview inmates at random to insure the institution policy, and regulations are being followed by Major Bell, UT Koob, UT Fox, UTM Moore, such as right to access to the Law tablet. I have only been allowed to use the tablet 3x in 88 days. Several requests were denied in December 2024 and January 2025 due to me filing this civil suit. To stop me from access to case law and searching similar constitutional cases. The Law library in general population will not send case law unless the exact reference and citation is written down. Making the law library useless to me in segregation.

-6-

(E) 1) count 5: eighth Amendment violation cruel and unusual punishment "wet and moldy mattress was actionable under eighth Amendment" Townsend v. Fuchs, 522 F.3d 765, 774 (7th Cir. 2008) Prison Conditions may amount to cruel and unusual punishment if they "unquestion and serious deprivations of basic human needs [That] deprive inmates of the minimum civilized measures of Lifes necessities" Tillman v. Lebanon Cnty. Corr. Fac., 221 F.3d 410, 418 (3d Cir. 2000)

In Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) The tenth Circuit and supreme courts have stated 'Prison officials must provide detainees with living space that has reasonably adequate ventilation, sanitation, BEDDING" cert. Denied. 450 U.S. 1041 (1981); Hutto v. Finney, 437 U.S. 678, 686-78 (1978); Wilson v Seiter 501 U.S. 294 (1991)

Supporting facts: I was brung down to AZ in November 2024 around the middle of the month. I was given a moldy torn up mattress. It looked like it had been used to flood a cell. I requested a new mattress was denied. I went to medical in December the nurse faye told sgt. Tarr I needed a new mattress. He then told UT Koob. In December around the 20th, 2024 I verbally told UTM moore my mattress was moldy an needed replaced. I went to seg review and complained to Major Bell, UT Fox, UT Koob, UTM moore about my moldy mattress. The moldy mattress started to cause me to vomit, have head aches, burning eyes. I went to medical again. I was given Alcalak- Calcium Antacid. Told thats all medical could do. Form-9 and grievances were filed and ignored. The moldy mattress was irratating my asthma. Making it difficult to breathe. finally CO ernast replaced my mattress as there was an empty cell with one on Jan. 25th, 2025. For two months I was forced to lay on a moldy mattress. Warden Schnurr is responsible for ensuring RHU is ran and operated according to IMPPs 20-101A/20-104A/20-105A. Nor does he do on site interviews insuring the policy, and regulations of the institution are followed.

-7-

(F) 1) count 6: Eighth Amendment violation prohibits cruel and unusual punishment which imposes duties on prison officials to provide prisoners with basic necessities of life such as food, clothing, shelter, sanitation, medical care" Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. Mckinney, 509 U.S. 25, 31, 113 (1993)

supporting facts: On 11-4-24 I was taken to seg A3 upstairs in my boxers as segregation had no clean cloths. On 11-5-24 I was taken to Seg review before major Bell, UT Koob, UT Fox several other females. It was two weeks before I received a jump suit. It was a month before I received a clean pair of boxers. Two months before I received a towel. The new cloths sat for four months at the East unit. Then another two weeks in the Unit Managers office in A2. A1-A2 segregation inmates have to share cloths with B1-B2 seg inmates. What was sent the first time wasnt enough. The IMPP 20-101A General Housing Considerations B.4. The procedure for issue and exchange of clothing, bedding, and linen shall be frequent and of the same quality as for the general population. I do not get clean cloths 3x per week when I shower. I have to hand wash my own Towel and boxers, socks. I have notified A1-A2 seg review in November, December, Jan. 2025 who consist of major Bell, UTM moore, UT Koob, UT Fox. On 11-27-24 Dan schnuur answered my grievance stating the appropriate measures were being taken. It is now Jan 31st 2025. Still lacking towels, socks, boxers, shirts, jumpsuits in segregation. Dan schnuur hasnt taken any measures to get me clean cloths 3x weekly.

-7-

(G) 1) count 7: eighth amendment violation cruel and unusual punishment' Prison conditions may amount to cruel and unusual punishment if they 'unquestion and serious deprivation of basic lifes necessities" <u>Tillman v. Lebanan Cnty. Corr. Fac,</u> 221 F.3d 410 418 (3d Cir. 2000) In short a state must provide an inmate with shelter which does not cause his degeneration or threaten his mental and physical well-being" <u>Battles v. Anderson,</u> supra. 564 F.2d at 403.

"ACA standards for solitary confinement or general population cells are 60 square feet minimum and 75 square feet for double bunking" <u>Battles v. Anderson,</u> 594 F.2d: 726, 1979 U.S. App Lexis*16213 (1979); <u>Ramos v. Lamm,</u> 639 F.2d 559 App. U.S. Lexis*13708 (1980)

Supporting facts: Warden Dan Schnurr at HCF has general population cell houses A1-A2-A3-B1-B2-C1-C2-D2 without adequate cell space of a minimum of 60 square feet. A1 through C2 are 35 to 39 square feet. with unencumbered space to walk or get around 12 square feet. Warden Schnurr does not allow a dayroom in cell blocks A3-C2-D2. No T.V on the walls or tables like Eldorado, Ellsworth, Lansing, Larned high mediums and Maxiums. Out of cell time, is yard time one and half (1½) hours. A total of 22½ hours lock down in 35-39 square feet cells. D2 cell has has four Inmates locked down for 22½ hours per day together. with no dayroom at all. I was in B1, C1, and D2 my last trip to HCF. I could easily be forced back on the yard by the Warden again. The warden has been requested to put TV's up on the walls at least to watch out the cell. Schnurr refuses, which would generate mental health as would dayroom time.

-9-

e) Approximate date of filing lawsuit  Aug 2023

f) Approximate date of disposition  pending

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

Filed emergency grievances, form 9s, verbal request, wrote the ACLU for a class action against HCF for horrible conditions

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Compensatory $15,000.00 for deliberately causing me asthma attacks with no call button for help. $15,000.00 for punitive as for the maliciousness. Injunctive Relief separate paper two pages. Plus attorney fees under 28 U.S.C. 1988

_____        Brian Watuman
Signature of Attorney (if any)          Signature of Plaintiff

_____
(Attorney's full address and telephone number)

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                5

# Injunctive Relief

1. That exhaust fans not be turned on in the winter time. That two blankets be passed out, two sets of thermals given every winter for winter clothing to all inmates.
2. The ventilation systems cleaned out monthly.
3. That Dan Schnuur order a weekly cleaning program and follow all RHU IMPPs. That all the nasty cells be power washed and repainted.
4. That Dan Schnuur establish a Administrative segregation to house long term inmates according to controling law, that administrative be treated as possible as general population with food, T.V. education services ect. The Courts establish regulations according to Amos v. Nelson 260 Kan. 856, 666 (1996)
5. The Law Library App be placed on the tablets, to stop arbitrary treatment so inmates can't use it to correct conditions of confinement.
6. Warden Schnuur order all new mattress and promptly replace torn and moldy ones.
7. That Schnuur order enough cloths for all segregation cell houses. That every inmate be handed a towel, or inmates keep all their own personal laundry put in seg bags and washed 3x a week.
8. That Dan Schnuur make dayrooms in all cell houses with T.V's and tables and establish dayroom time, due to the unconstitutional cell sizes which require more out of cell time.
9. Major Bell no longer Be over Seg review. As he has ran these units into the ground, violated countless constitutional rights. As he runs these units like a Contration camp. There is no oversight over unit Teams.
10. That Warden Schnuur or a deputy Warden do on site visits and interview two random inmates per week like the IMPPs state.

1-2

11. That a special Master be appointed over Hutchinson Correctional Center for at least a year to ensure all policies and regulations are followed. That the Inmates are not be neglected and abused.

12. And any other Orders the Court impose to ensure constitutional Conditions to inmates alike.

13. That mirrors be placed in cells, or be allowed to purchase as no segregation Inmate is allowed a Mirror at all. Making shaving, and hair grooming almost impossible.

13. The courts order warden schnurr to hand out Lay-pay for all Long-Term segregation in Solitary Confinement. for Hygeine products and communication with family to improve mental health and a healthy habitation environment.