IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                            CASE NO. 25-3080-JWL

DAN SCHNURR,

    **Defendant.**

## MEMORANDUM AND ORDER

    This is a pro se action under 42 U.S.C. § 1983 that began on April 29, 2025 when the claim herein was severed from another § 1983 action brought by Plaintiff and state prisoner Brian Michael Waterman. *See Waterman v. Bell*, Case No. 24-3220, 2025 WL 1235592 (D. Kan. April 29, 2025) (unpublished). The order severing this claim informed Plaintiff that he "will be required to pay the filing fee or move to proceed [in forma pauperis (IFP)] under the new case number." *Id.* at *5. In addition, the Court issued a notice of deficiency (NOD) in this, the new case. (Doc. 2.) The NOD explained that Plaintiff was required to either pay the filing fees for this case or submit a motion to proceed without prepayment of fees, or IFP. *Id.* at 1. Included with the NOD were the forms for filing an IFP motion. The form expressly states that "Plaintiffs in a civil case . . . must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. *See* 28 U.S.C. § 1915(a)(2)." (*See* Doc. 3, p. 2.)

    On May 18, 2025, Plaintiff timely filed a motion for leave to proceed IFP, but he did not submit the financial information required by § 1915(a)(2). (Doc. 3.) Thus, on May 19, 2025, the Court issued a second NOD informing Plaintiff that he was required to submit the account statement within 30 days. (Doc. 4.) The second NOD further advised Plaintiff that if he "fail[ed] to comply within the prescribed

1

time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. As of the date of this order, the Court has received nothing further from Plaintiff.

The deadline set in the second NOD has now passed and Plaintiff has not complied with the NOD, nor has he filed anything further in this matter. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to comply with the NOD and has failed to file anything further in this matter, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order. The motion for leave to proceed in forma pauperis (**Doc. 3**) is therefore **denied as moot.**

**IT IS SO ORDERED**.

Dated on this 24th day of June, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
